Dear Mayor Book:
You have requested an opinion of the Attorney General relative to the expenditure of public funds of the Town of Tullos (Town) to pay civil penalties assessed against the Town's Clerk by the Twenty-Eighth Judicial District Court (Court).
The facts, as set forth in your request, and a copy of the Court's written reasons for judgment attached thereto, reveal that, in March, 1992, petitioners in the case styled Linda L. Liebman, et al v. Fred Book, Mary H. White, Lloyd Hennigan and the Town of Tullos, No. 26,621, requested copies of all ordinances governing the permitting or sale of alcoholic beverages. The Clerk assured petitioners that the copies would be forthcoming.
In April, 1992, the attorney for petitioners forwarded a letter to the Clerk again requesting copies of the ordinances. The Clerk advised petitioners' attorney that future requests for this information be addressed to Lloyd Hennigan, the town's attorney.
Petitioners' attorney subsequently corresponded with Mr. Hennigan requesting the copies of the ordinances. There was no response to that request, prompting the subject litigation.
In a written stipulation of facts, counsel agreed that the documents requested constitute public records within the meaning of LSA-R.S. 44:1, et seq.
As noted by the Honorable Douglas H. Allen, Judge, Twenty-Eighth Judicial District Court, the duty to permit examination of public records is found in LSA-R.S. 44:32. The text of this statute is fully set forth in the written reasons for judgment at pages 2 and 3. LSA-R.S. 44:35 is the penalty provision which can be enforced by an individual denied access to public records. It provides, in pertinent part, the following:
 "A. Any person who has been denied the right to inspect or copy a record under the provisions of this Chapter . . . may institute proceedings for the issuance of mandamus, injunctive or declaratory relief, together with attorney's costs and damages as provided for by this Section . . . .
* * *
 D. If a person seeking the right to inspect or to receive a copy of a public record prevails in such suit, he shall be awarded reasonable attorney's fees and other costs of litigation. . . .
 E. (1) If the court finds that the custodian arbitrarily or capriciously withheld the requested record or unreasonably or arbitrarily failed to respond to the request as required by R.S. 44:32, it may award the requester any actual damages proven by him to have resulted from the actions of the custodian except as hereinafter provided. In addition, if the court finds that the custodian unreasonably or arbitrarily failed to respond to the request as required by R.S. 44:32 it may award the requester civil penalties not to exceed one hundred dollars per day, exclusive of Saturdays, Sundays, and legal public holidays for each such day of such failure to give notification.
 (2) The custodian shall be personally liable for the payment of any such damages, and shall be liable in solido with the public body for the payment of the requester's attorney's fees and other costs of litigation, except where the custodian has withheld or denied production of the requested record or records on advice of the legal counsel representing the public body in which the office of such custodian is located . . . ." (Emphasis added.)"
The Court, having quoted the statutory provisions set forth above, determined as reflected in his written reasons that "as custodian of the public records [the Clerk] arbitrarily and capriciously withheld the requested records." He then awarded civil penalties in the amount of $500.00 and assessed them personally against the Clerk. In assessing civil penalties personally against the Clerk, the judge apparently determined that the exception of acting on advice of legal counsel was not applicable under the facts of this case.
This office is extremely sympathetic to the plight of the Clerk. However, it would be inappropriate for the Attorney General to issue an opinion contrary to that formulated by the judiciary based on the evidence it had before it. To do so, would be highly inconsistent with our long established policy not to render opinions on issues which are in litigation.
It would appear, from your assertions in the opinion request, that the judge may not have been adequately apprised of the fact that the Clerk was acting on the advice of counsel in failing to provide the public records sought by petitioners. While we are not in a position to modify the Court's ruling, we recommend that you consult with the Town's attorney relative to the possibility of obtaining an amended judgment and/or bringing the issue up on appeal.
Should you have any additional questions concerning this matter, please do not hesitate to contact me.
With kindest regards, I am
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ROBERT E. HARROUN, III Assistant Attorney General
RPI/ROB3/bb 0190R